| | | |
|---|---|---|
| **DENISE TAYLOR** | * | **NO. 2024-CA-0365** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **ROBERT NEILL, JR.** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-08173, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Dale
N. Atkins)

**ATKINS, J., CONCURS IN THE RESULT.**

Eric Oliver Person
1539 Jackson Avenue, Suite 100
New Orleans, LA 70130

     COUNSEL FOR PLAINTIFF/APPELLANT


Mark J. Boudreau
James E. Uschold
700 Camp Street, Suite 317
New Orleans, LA 70130

     COUNSEL FOR DEFENDANT/APPELLEE


               **JUDGMENT VACATED, CASE REMANDED.**
                     December 17, 2024

In this appeal, plaintiff/appellant, Denise Taylor ("Taylor"), seeks to nullify a tax sale. The property is her residence. She has resided there at all times relevant and continues to live there.

Taylor argues several bases for redemption in brief. However, the only cognizable claim she makes in her petition is that she did not receive post tax sale notice. Taylor's other arguments, regardless of their merit, are not considered here.

### Prior proceedings.

Taylor filed suit against the tax sale certificate holder, Robert Neill ("Neill"). Neill did not answer. Taylor took a preliminary default. On the same day that Neill got notice of the default, he transferred title to NOLA Urban Redevelopment, L.L.C., which resold it to IPF22, L.L.C. ("IPF"). IPF filed an exception of peremption arguing that once the redemptive period expired, any right to redeem expired with it. The trial court granted the exception and dismissed Taylor's case.

### Law and analysis.

The trial court was correct in determining that the redemption period is peremptive. Louisiana Revised Statutes 47:2241 provides that, "All redemptive periods provided in the Louisiana Constitution shall be peremptive." The

1

constitution provides that, "The property sold shall be redeemable for three years after the date of recordation of the tax sale." La. Const. art. VII, § 25(B)(1).

The statutory scheme governing tax sales provides only three bases to nullify a tax sale. Louisiana Revised Statutes 47:2286 provides in pertinent part that, "No tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities." According to La. R.S. 47:2122(10), "a 'Redemption nullity' means the right of a person to annul a tax sale in accordance with R.S. 47:2286 because he was not duly notified at least six months before the termination of the redemptive period."

In paragraph V of her petition, Taylor alleged, "Petitioner, Denise Taylor avers that she has not received post-tax sale notice of the ax *(sic)* sale referred to in Paragraph III of this Petition." Again, in paragraph VI, Taylor alleged that, "she is entitled to redeem the tax sale referred to in Paragraph III in that Petitioner did not receive post-tax sale notice." Our court has previously held that the taxing authority's failure to provide adequate post-sale notice constitutes a redemption nullity as that term is defined by La. R.S. 47:2122(10). *Klein v. Henderson*, 2021-0317, p. 21 (La. App. 4 Cir. 11/17/21), 332 So. 3d 764, 778.

"In the absence of evidence, an exception of peremption must be decided upon the facts alleged in the petition with all of the allegations accepted as true." *Lomont v. Bennett*, 2014-2483, p. 8 (La. 6/30/15), 172 So. 3d 620, 627. In this case, the record reveals that IPF did not offer any evidence on the peremption issue.[1] Therefore, we must accept as a fact that the City of New Orleans did not give

---

[1] IPF offered some evidence on the exception of no cause of action that was argued on the same date, but IPF relied on pleadings alone in the argument of the exception of peremption.

2

Taylor notice of the tax sale at least six months before the termination of the redemptive period and the argument of peremption must fail.

*Conclusion*

Taking into account Taylor's allegations and argument, we conclude that this case must be remanded to the trial court to make factual determinations consistent with this opinion. The judgment of peremption is vacated.

**JUDGMENT VACATED, CASE REMANDED.**